UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN KINDER | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 1:24-cv-00856-TWP-MJD |
| | ) | |
| v. | ) | |
| | ) | |
| MARION COUNTY PROSECUTOR'S OFFICE, and CELITA SCOTT, | ) ) | |
| | ) | |
| Defendants | ) | |

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants Marion County Prosecutors Office ("the MCPO") and Celita Scott ("Scott") (collectively, "Defendants") Partial Motion to Dismiss the Amended Complaint. (Filing No. 32). Plaintiff Susan Kinder ("Kinder") filed an Amended Complaint on September 5, 2024, alleging unlawful discrimination and retaliation by Scott, in violation of Title VII of the Civil Rights act of 1964 (Filing No. 24). For the reasons explained below, Defendants' Partial Motion to Dismiss the Amended Complaint is **granted.**

### I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Kinder as the non-moving party. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Kinder was employed by the MPCO at the Child Advocacy Center ("CAC") beginning as a receptionist in August 2013, and later as a victim advocate in 2015 (Filing No. 24 at 3). As a victim advocate, Kinder was responsible for meeting with families, assisting families with getting

needed services, contacting families to follow up on their cases, working with Indiana Department of Child Services case workers to get families services the CAC could not provide, and interacting with law enforcement on cases involving CAC services. *Id*. Kinder was also responsible for the National Children's Advocacy ("NCA") database which included reporting, tracking statistics for grants, and training advocates on the database. *Id*.

Scott is the chief counsel for the MCPO. (Filing No. 1 at 61).On July 7, 2021, Kinder received an email which outlined additional duties for all victim advocates, including herself. (Filing No. 24 at 3). However, on or about July 16, 2021, Kinder was informed by Scott that, effective July 19, 2021, she would no longer be working at the CAC and would be reassigned as a third-floor receptionist downtown. *Id*.

On July 28, 2021, Scott ordered Kinder to report to Scott's office. During this meeting, Kinder requested a copy of her new job description which, according to Scott, was to be a hybrid position consisting of receptionist duties and victim advocate duties. *Id*. at 4.

On October 19, 2021, Kinder filed an Equal Employment Opportunity Commission ("EEOC") charge (470-2022-00285) against the MCPO CAC alleging discrimination based on her race in violation of Title VII of the Civil Rights Act of 1964. *Id.* Following the filing of the EEOC charge, Kinder was not assigned any work or responsibilities related to the victim advocate role. Instead, her duties primarily consisted of answering phones, transferring calls, removing staples from documents, and notifying employees of food deliveries. *Id*. Kinder is the only victim advocate required to get coverage to be away from her desk. *Id*. at 5. Kinder was also informed that she needed to complete training modules before she could be assigned victim advocate duties. *Id*. However, she was still not assigned those duties upon completion of the required training modules. *Id*.

Kinder filed a lawsuit in this Court on October 4, 2022, alleging unlawful discrimination based on race in violation of Title VII and violation of the Equal Protection Clause of the Fourteenth Amendment concerning the incidents that occurred in 2021 and 2022. *See Kinder v. Marion Cnty. Prosecutor's Office*, 1:22-cv-01952-MPB-MJD, 2024 WL 2836481, at *7 (S.D. Ind. April 2, 2024) ("*Kinder I*"). In that case, Judge Brookman granted the MCPO's motion for summary judgment on April 2, 2024, and entered final judgment against Kinder. [1]

Kinder remained employed with the MCPO. On or about April 12, 2023, Kinder applied for a position as a major felony secretary with the MCPO.(Filing No. 24 at 5).. On April 18, 2023, Kinder interviewed with her immediate supervisor, Domini Eldridge ("Eldridge"), who reports to Scott, and HR Manager, Tim Kelsey ("Kelsey") but another candidate was selected. *Id*.

On June 9, 2023, Kinder was called into a meeting with Kelsey and Eldridge concerning two alleged incidents that had been reported. *Id*. The first incident occurred on May 31, 2023, when, following an order from Eldridge, Kinder allegedly refused to allow into the third-floor offices an intern who did not have her keys or fob and informed the intern that she should go to the sixth floor for assistance. *Id*. at 6. Eldridge had communicated to Kinder that Scott issued a directive that no one was to be granted admittance to the third-floor offices without their keys or fob. *Id*. The second incident occurred on May 2, 2023, when it was reported that a food delivery person went to the third floor and Kinder allegedly refused to assist them while switching desk coverage to another associate. *Id.* However, Kinder was not at work on the day of the alleged incident as the MCPO was closed. *Id*. On June 15, 2023, Kinder was called into another meeting with Eldridge and Kelsey where Kinder was given a verbal warning and was warned that she could receive a formal written warning if there were any additional allegations made against her. *Id*.

---

[1] Summary Judgment was affirmed on appeal. *See Kinder v. Marion Cnty. Prosecutor's Office*, No. 24-1952, 2025 WL 914342, at *6 (7th Cir. 2025).

The MCPO and Scott have relegated Kinder to diminished job duties, denied her a major felony secretary position, and issued a verbal warning against her in retaliation for engaging in protected activity of filing the lawsuit in *Kinder* I. *Id* at 48–51. In addition, Kinder has not been assigned the responsibilities of an advocate but is instead required to perform tasks such as removing staples and is required to find coverage when leaving her desk. *Id*. at 48, 57.

On May 22, 2024, Kinder initiated this action alleging similar claims of retaliation stemming from the underlying employment actions and asserting that the denial of a promotion in April 2023 and a verbal warning in June 2023 were also acts of unlawful retaliation ([Filing No. 1](#)). The Defendants filed a partial motion to dismiss the original Complaint ([Filing No. 17](#)). Kinder then filed the operative Amended Complaint on September 5, 2024, which, in addition to her retaliation claims added claims pursuant to 42 U.S.C. § 1981(a) against the MCPO and Scott ([Filing No. 24](#)). The Defendants now move the Court to partially dismiss Kinder's Title VII claims and dismiss her Section 1981 claims in their entirety.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above

4

the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Kinder did not respond to Defendants Partial Motion to Dismiss the Amended Complaint. The motion is therefore unopposed and will be granted if the Court finds that Defendants are entitled to dismissal. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021) (holding that a court may not grant a Fed. R. Civ. P. 12(b)(6) motion on the sole basis that it is unopposed, but rather, must still determine whether the movant has shown they are entitled to dismissal).

In their Partial Motion to Dismiss, Defendants seek to dismiss Kinder's Section 1981 claims against both Defendants, the Title VII retaliation claims against Scott, and her Title VII retaliation claim against the MCPO relating to the diminishment of her job duties. The Defendants argue that these claims should be dismissed for three reasons: (1) Kinder's Section 1981 claims are barred by the Eleventh Amendment; (2) Scott is not a proper defendant under Title VII; and (3) Kinder's retaliation claim against the MCPO concerning the diminishment of her job duties and her lack of

5

victim advocacy work is barred by the doctrine of res judicata (Filing No. 33). The Court will address each argument in turn.

**A.     Section 1981 Claims**

Kinder alleges violations of 42 U.S.C. § 1981 against both the MCPO and Scott (Filing No. 24 at 8–9). The Defendants argue that Kinder's Section 1981 claims are barred by the Eleventh Amendment (Filing No. 33 at 4–5). Specifically, Defendants argue that Section 1981 claims against state agencies, such as the MCPO, are barred by the Eleventh Amendment. Defendants also rely on *Nasserizafar v. Indiana Dep't of Transp.*, 27 F. Supp. 3d 935, 937 (S.D. Ind. 2014) arguing that Scott is a state actor and therefore, Kinder's claim against her is also barred. The Court agrees.

The Eleventh Amendment states, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "All suits against a state or its agencies are barred by the Eleventh Amendment unless the state consents to suit in federal court or Congress uses its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity" *Scott v. O'Grady*, 975 F.2d 366 (7th Cir. 1992). No such consent or abrogation has occurred in this case.

Section 1981(a) guarantees the following rights to all persons within the jurisdiction of the United States:

> [T]o make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Defendant MCPO is a state entity. *See Patton v. Ind. Univ. Bd. Of Trs.*, No. 1:20-cv-00699, 2022 WL 3716522, at *6 (S.D. Ind. Aug. 29, 2022) (recognizing that "[c]ounty

6

prosecutors' offices are also state agencies"). Furthermore, Section 1981 does not create a private right of action against state actors. *Campbell v. Forest Pres. Dist. of Cook Cnty., Ill.,* 752 F.3d 665, 671 (7th Cir. 2014). Instead, "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Id*. This Court, in *Nasserizafar v. Indiana Dep't of Transp.*, held that the Seventh Circuit "made clear that § 1981 claims cannot be brought against state actors." 27 F. Supp. 3d 935, 937 (S.D. Ind. 2014).

The Eleventh Amendment bars lawsuits not only against state actors, such as the MCPO, but also against "state officials acting in their official capacity." *See Council 31 of the Am. Fed'n of State, Cnty., and Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 881–82 (7th Cir. 2012) (citation and quotation marks omitted). Moreover, "government employees sued in their individual capacities are state actors for purposes of Section 1981, and such claims must be brought under Section 1983." *McKinney v. Office of the Sheriff*, No. 1:15cv79, 2018 U.S. Dist. WL 3434710, at *1 (N.D. Ind. July 17, 2018). Scott is the chief counsel of the MCPO and a state employee. Thus, Kinder's Section 1981 claim against Scott is barred.

Because neither the MCPO, nor Scott, are suable under Section 1981, the Defendant's Partial Motion to Dismiss is **granted** for Kinder's Section 1981 claims.

**B.   Title VII**

Kinder asserts violations of her Title VII rights against both Scott and the MCPO (Filing No. 24 at 7–8). Defendants' Partial Motion to Dismiss the Amended Complaint seeks only to dismiss Kinder's Title VII claims against Scott (Filing No. 33 at 5). Defendants argue that Title VII does not provide a mechanism for individual liability and thus, Scott is not a suable party under Title VII. *Id*.

Title VII of the Civil Rights Act, as amended, protects employees and job applicants from employment discrimination based on "race, color, religion, sex or national origin." 42 U.S.C. §§ 2000e-2. Title VII specifically prohibits such discrimination by "employers." *Id*. The term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). The Seventh Circuit has held that supervisors do not in their individual capacity fall within Title VII's definition of employer. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995). Thus, supervisors, like Scott, cannot be held individually liable under Title VII as the role falls outside the statute's definition of "employer." *Id*.; *Geier v. Medtronic, Inc.,* 99 F.3d 238, 244 (7th Cir. 1996). Kinder alleges that Scott relegated her position at the MCPO to perform diminished job duties like removing staples and notifying employees of food deliveries. However, Scott is an employee of the MCPO, just like Kinder, and is Kinder's direct supervisor. Thus, Scott is not a proper defendant under Title VII. Defendants' Partial Motion to Dismiss is **granted** for Kinder's Title VII claims against Scott.

C.     <u>**Retaliation Claim Against MCPO barred by Res Judicata**</u>

Res judicata, or claim preclusion, bars parties from relitigating issues previously decided in a final judgment on the merits. *Simon v. Allstate Emp. Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Res judicata has three elements: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suit; and (3) an identity of parties or privies in the two suits. *La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V.*, 914 F.2d 900, 907 (7th Cir. 1990). "Even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013) (quotation marks and citations omitted). Aside from bench and jury verdicts, "summary judgment is a final judgment on

8

the merits for purposes of claim preclusion." *Qualls v. NIU Bd. of Trustees*, 272 Fed. Appx. 512, 513 (7th Cir. 2008) (internal citations omitted). "[R]es judicata bars not only those issues which were decided in the prior action but also any issues which could have been raised." *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir. 1982).

Kinder alleges that the MCPO and Scott retaliated against her in three ways: (1) by refusing to assign her duties and responsibilities associated with her role as a victim advocate and instead relegating her to "diminished" job duties and responsibilities; (2) by denying her the position of major felony secretary – sex crimes and child abuse; and (3) by issuing a verbal warning and threat of a formal written warning (Filing No. 24 at 7). Defendants argue that Kinder has already litigated the issue of the diminishment of her job duties in her prior lawsuit against Defendant MCPO, *Kinder I*,[2] in which she also took issue with the alleged diminution in her duties and responsibilities and the fact that she had not been assigned any work as a victim advocate (Filing No. 33 at 6–7). Defendants contend that Kinder's claim pursuant to such allegations is therefore precluded. The Court agrees.

Kinder's claim regarding the diminishment of duties is nearly identical to the claim raised and adjudicated in *Kinder I* against MCPO. 2024 WL 2836481. In *Kinder I*, Kinder alleged that she was demoted when she was reassigned to a receptionist position downtown and removed as a backup advocate. *Id*. at *2. Kinder asserted that this reassignment came with a diminishment in her duties and responsibilities, arguing that since her reassignment she had not performed any duties as an advocate and was required to find coverage to leave her desk meaning she could not attend any advocate training programs. *Id*. Judge Brookman held that Kinder failed to demonstrate that her demotion was due to reverse discrimination under the *McDonnell Douglas* framework,

---

[2] Ms. Kinder did not bring any claims against Ms. Scott in *Kinder I*.

9

and that her equal protection claim failed under Section 1983. *Id*. at *7. Judge Brookman then entered Summary Judgment in favor of Defendant MCPO on April 2, 2024, *id.*, which was affirmed on appeal. *See Kinder,* 2025 WL 914342, at *6.

Here, the MCPO is the identical party Kinder asserted claims against in *Kinder I*. The cause of action is also identical because both lawsuits arise from the same set of operative facts—Kinder's reassignment on July 19, 2021, her resulting job duties, and her claim that she was no longer allowed to perform victim advocacy work. It does not matter that the overall claims now are based on different statutes and theories if they arose from the same set of facts, which is the case here. *Scholz v. United States,* 18 F.4th 941, 952 (7th Cir. 2021) (the element of whether there is an identity between the causes of action is satisfied if "claims arise out of the same set of operative facts or the same transaction." (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011))). Therefore, Kinder's Title VII retaliation claim against the MCPO relating to the diminishment of her job duties and her lack of victim advocacy work is barred by res judicata.

However, the final situations Kinder bases her allegations of retaliation on—the denial of the major felony secretary position, the issuing of a verbal warning, and the threat of a final warning—are based on new events occurring after the filing of her first lawsuit and are therefore not barred by res judicata.

While Kinder's claim for retaliation based on the diminution of her job duties is not barred by res judicata against Scott, for the reasons discussed above, Scott is not suable in her individual capacity under Title VII. Therefore, Defendants' Partial Motion to Dismiss is **granted** for Kinder's claim of retaliation against the MCPO in relation to the diminishment of her job duties and lack of victim advocacy work.

## IV. CONCLUSION

For the reasons stated above, the Defendants' Partial Motion to Dismiss the Amended Complaint (Filing No. 32) is **GRANTED**. Because any amendment would be futile due to procedural bars, the following claims are **dismissed with prejudice**: Kinder's Section 1981 claims against the MCPO and Scott; Kinder's Title VII claims against Scott in their entirety; and Kinder's Title VII claim against MCPO concerning the diminishment of her job duties and failure to be assigned victim advocacy work.

The Court acknowledges that on the May 27, 2025 dispositive motions deadline, the Defendants filed a Motion for Summary Judgment (Filing No. 56), seeking judgment as a matter of law as to all claims. However, since this Order **dismisses with prejudice** Kinder's Section 1981 claims against the MCPO and Scott; Kinder's Title VII claims against Scott in their entirety; and Kinder's Title VII claim against the MCPO concerning the diminishment of her job duties and failure to be assigned victim advocacy work—Kinder need only respond to the summary judgment motion relating to her remaining Title VII claims of retaliation against the MCPO based on the denial of the major felony secretary position and the issuance of a verbal warning with a threat of a formal written warning.

**SO ORDERED.**

Date:   6/2/2025

_[signature]_
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Jonathan Freije
Office of Indiana Attorney General
jonathan.freije@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Thomas B. Roberts
Roberts Law
thomas@trobertslaw.com